IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY DEWAYNE BOOTH, #240358, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-419-MHT |
| ) | (WO) |
| ) | |
| KAY IVEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Ricky Dewyane Booth, a state inmate, in which he challenges the constitutionality of actions which occurred from April 6, 2018 until April 10, 2018 during his previous incarceration at the Bibb Correctional Facility.[1]  Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).[2]

**II. DISCUSSION**

---

[1] Booth is currently incarcerated at the Hamilton Aged and Infirmed Correctional Facility.

[2] Booth did not seek leave to proceed *in forma pauperis,* nor did he submit the $350 filing fee and $50 administrative fee applicable upon initiation of a case when not proceeding *in forma pauperis*.  However, under the circumstances of this case, the court concludes that assessment and collection of any filing or administrative fee should be undertaken by the United States District Court for the Northern District of Alabama.

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama, and the actions about which Booth complains occurred in that district.  Moreover, it appears from the complaint that the majority of individuals named as defendants and personally responsible for the challenged actions – that is, correctional and mental health officials employed at Bibb – reside in the Northern District of Alabama.  Although—by virtue of their positions as Governor of the State of Alabama, and Commissioner and Deputy Commissioner of the Alabama Department of Corrections—defendants Kay Ivey, Jefferson Dunn and J. Watson reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice and for the convenience of the parties, this case,

including any motions contained in the complaint, should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

The plaintiff may file objections to the Recommendation on or before **May 22, 2018**.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations set forth in this document will bar a *de novo* determination by the District Court of factual findings and legal issues covered in the Recommendation and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 8th day of May, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge